In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00488-CR
_____

**DUSTIN LEE DAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-02-01545 CR**

**MEMORANDUM OPINION**

Dustin Lee Day, Appellant, was indicted for the offense of online solicitation of a minor. *See* Tex. Penal Code Ann. § 33.021(c) (West 2011). The indictment alleged that Day knowingly solicited over the internet or by text message or by electronic mail or commercial online service "J. Nichols, a minor, to meet the defendant, with the intent that J. Nichols would engage in sexual contact

1

or sexual intercourse or deviate sexual intercourse with [Day.]"[1] Day entered a plea of not guilty, but a jury found him guilty as charged and assessed his punishment at confinement for twenty years. Appellant timely filed a notice of appeal. We affirm.

Underlying Facts

On February 5, 2014, a Conroe Police Investigator, working as part of the Internet Crimes Against Children (ICAC) task force, placed an ad on Craigslist, wherein the Investigator assumed a fictional persona of a teenage girl that the Investigator named "Kelly Franklin," with an email address of "kellyfranklin1998@gmail.com." The ad was entitled "skipping school looking for fun – w4m (conroe tx area)" and posted in the Craigslist "Casual Encounters" section. The ad stated:

> skipping school today looking to have some fun…looking to have some fun today…tired of the boys from school wanting a mature guy to have fun with…. include your pic and skipping school and what

---

[1] Subsection (c) of section 33.021 of the Texas Penal Code provides that a person commits the offense of online solicitation of a minor "if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person." Tex. Penal Code Ann. § 33.021(c) (West 2011). J. Nichols was a law enforcement officer posing as a fourteen-year-old girl. Section 33.021(a)(1) defines "minor" for purposes of section 33.021 as "an individual who represents himself or herself to be younger than 17 years of age" or "*an individual whom the actor believes to be younger than 17 years of age*." Tex. Penal Code Ann. § 33.021(a)(1) (West 2011) (emphasis added).

you want to do in your first response or don't bother replying...tired of the games and spam…have until around 330 today...

The Investigator testified that he posted the ad on Craigslist as part of the ICAC's "proactive enforcement" activities, which include placing ads on social media sites to see who might respond. The Investigator received what he described as "[p]robably -- over 100[]" responses. According to the Investigator, once he identified himself as a fourteen-year-old girl, "[n]early all of them" stopped responding. However, one person, with the posting ID "daycr11[,]" kept responding. Posing as Kelly Franklin, the Investigator continued to have online conversations with "daycr11[.]" In the first post by "daycr11" (later identified as Day) to the initial ad, Day posted the following message along with a picture:[2]

> Hello I'm David, I'm 27, tall with green eyes. I'm a country boy and I drive a lifted Chevy.…I'm sure we could have fun in the truck if your interested? I love eating p _ _ _y and I can teach you a few things lol I'm clean and ddf. I like younger girls. And a pic if your interested.…let's go have fun[.]

Still posing as Kelly, the Investigator responded, as follows:

> hey, thanks for responding to my post…i wanna b up front with u I'm fourteen but mature an into older guys…if ur into younger hmb…btw ur very HOT :)

---

[2] In this memorandum opinion we have edited the messages by replacing certain letters within some of the explicit language of the messages with blank spaces. The actual messages in the record contained the full text of the words spelled out.

Day then responded that he "like[d] younger girls[,]" and he asked Kelly "when and where would you like to meet[.]" Day then sent another message to Kelly stating "Are you down to f_ _ k? I'd love to lick on your p_ _ _y lol." Kelly responded and they continued to exchange sexually explicit emails via Craigslist. In the emails, Day made several references to the sexual acts he intended to perform on Kelly.

Kelly and "daycr11" agreed to meet in Conroe on February 6, 2014, but the Investigator testified that "daycr11" did not show up for the meeting. Later, "daycr11" sent a message on Craigslist to Kelly telling her he was running late but that he had shown up later and he drove down the street where Kelly told him she lived. According to the Investigator, Day suggested that they should use text messages instead, and they began corresponding by text message.

The Investigator and Day arranged for another meeting, on February 7, 2014. When Day arrived at the meeting location, the Investigator and others were waiting for him. The Investigator observed a maroon Chevy truck pull into the parking lot, and the truck matched the description of the vehicle that "daycr11" said he would be driving. The Investigator, still posing as fourteen-year-old Kelly, texted "daycr11" and told him she was "[i]n back sittin on the deck[.]" The Chevy pulled around to the back and at that time the Investigator then made contact with

4

the driver of the truck, who was then identified as Dustin Lee Day. According to the Investigator, he stopped Day's vehicle, put Day in the backseat of the police vehicle, asked Day what he was doing, and Day told the Investigator he was there to meet Kelly.

During the pretrial, Day's attorney notified the trial court that Day claimed that he was "entrapped into committing this offense[,]" and Day filed a pretrial Motion for a Separate Hearing on Entrapment as a Matter of Law. The trial court conducted a pretrial hearing relating to the entrapment motion and denied the motion. During voir dire of the jury panel, the attorneys specifically discussed the entrapment defense. The trial court instructed the jury about the law of entrapment during jury selection.

> THE COURT: I am going to go ahead and instruct you now about the law of entrapment. And the reason why is I feel like they have bantered that word around on TV as if it is -- it comes up all the time. So I would rather you have what the law is in the state of Texas.
>
> And the four things that must be shown is that the Defendant has to admit that he committed the conduct charged. And then he has to say that he was induced to do so by a law enforcement agent who used persuasion or other means. And there has to be evidence that those means were likely to cause persons to commit the crime and commit the offense. And once all four of those things are raised, then the burden shifts to the State to disprove that. They have to show that that is not the case.
>
> So it is kind of complicated. And I feel as if sometimes people will use that word all the time, "oh, that is entrapment." And really

there is -- there are four requirements in order to have that there. And if it is not met, then there is no entrapment charge given.

If the evidence raises it, then I will put it in my charge at the end of the trial and you will be given a charge on it so you can address that. It is just like any other defense -- it is like self-defense or defense of a third person -- or any other defense has to be raised by the evidence.

So in this section they have to talk about what they think might be raised. . . . And because somebody asked a question about it, that is the law. You have to have those four things proven or raised and then the State has to disprove them.

During the trial, Day's attorney cross-examined the Investigator regarding the concept of entrapment. The Investigator denied that he encouraged, persuaded, or induced Day to commit the offense. Day's attorney requested the trial court to include an instruction regarding the entrapment defense and tendered a proposed instruction to the trial court. The trial court refused the instruction, emphasizing that the defense had failed to meet its burden to establish the necessary elements for an entrapment defense.

Analysis

In his sole issue on appeal, Appellant contends that the trial court erred when it refused to submit the defense of entrapment in the charge to the jury. Appellant contends on appeal that the initial posting by the Investigator induced Appellant to make contact and ultimately to commit the offense, by creating an online persona

6

to engage Appellant, by responding with sexual tones in messages, by sending overtly sexual emails and texts, and by suggesting a meeting place and time and requesting Appellant to bring condoms.

By statute, entrapment is a defense to prosecution when the defendant contends that he "engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense." Tex. Penal Code Ann. § 8.06(a) (West 2011); *see Hernandez v. State*, 161 S.W.3d 491, 497 (Tex. Crim. App. 2005). Under Texas law, a defendant has the burden of producing evidence to raise the defense of entrapment at trial, and the defendant must present a prima facie case that:

1) he engaged in the conduct charged;
2) because he was induced to do so by a law enforcement agent;
3) who used persuasion or other means; and
4) those means were likely to cause [ordinarily law-abiding people] to commit the offense.

*Hernandez*, 161 S.W.3d at 497-98; *see also* Tex. Penal Code Ann. § 8.06. "Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment." Tex. Penal Code Ann. § 8.06(a). The entrapment defense consists of two tests: the first is subjective, and the second is objective. *England v. State*, 887 S.W.2d 902, 910 (Tex. Crim. App. 1994). The subjective test is satisfied only if, but for the law enforcement agent's inducing conduct, the defendant would

7

not have committed the crime. *Id.* at 912. The objective test is satisfied only if the law enforcement agent's conduct "was such as to cause an ordinarily law[-]abiding person of average resistance nevertheless to commit the offense." *Id.* at 914; *Flores v. State*, 84 S.W.3d 675, 682 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). The defense of entrapment, when raised, is normally a question for the jury to decide. *See Hernandez*, 161 S.W.3d at 498.

A jury charge on a defensive issue is required if properly requested and if evidence from any source raises that defense. *Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993). In determining whether the evidence raises the defense, the credibility of the evidence is not at issue; the evidence may be strong, weak, contradicted, unimpeached, or unbelievable. *Id.* When the evidence fails to raise a defensive issue, the trial court does not err in refusing the defendant's request. *Id.*

We have reviewed the record and we conclude that the trial court did not err in refusing Day's request. The evidence shows that the original post by the Investigator did not contain any sexually explicit content and Day, along with many others, voluntarily responded to the request. The Investigator testified that of the "[p]robably over -- 100" responses to Kelly's post, once Kelly notified the responders that Kelly was fourteen years old, "[n]early all" of them stopped responding, except for "daycr11[,]" later identified as Day. Although Day was told

8

in the second post from Kelly that Kelly was only fourteen years old, Day voluntarily continued to correspond, he asked to have sex with her, and he asked to meet with her. At the time he sent such posts, he committed the offense of online solicitation. Day continued to send Kelly sexually explicit messages and texts, as well as photos of himself. Exhibits containing the email and text messages between Appellant and Kelly were introduced into evidence. Nothing in the record indicates that Appellant was either subjectively or objectively induced by the Investigator to commit the offense by such persuasion that would cause an ordinarily law-abiding person of average resistance to commit the crime of online solicitation of a minor. *See* Tex. Penal Code Ann. § 8.06(a); *England*, 887 S.W.2d at 908. Because no evidence of such inducement was introduced at trial, the evidence did not raise the defense of entrapment. Therefore, Appellant was not entitled to a jury instruction on the defense of entrapment. Appellant's sole issue is overruled. We affirm the judgment of the trial court.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on August 6, 2015
Opinion Delivered October 14, 2015
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

9